UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:22-cv-05556-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER'S DECISION** |

Plaintiff seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ misevaluated an examining psychologist's opinion and her testimony. Dkt. 15 at 1. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 42 years old, has a GED, and has not worked since 2012. Tr. 98, 317. In June 2020, she applied for benefits, with an amended alleged onset date of February 21, 2018. Tr. 135, 276-85. Her application was denied initially and on reconsideration. Tr. 177-80, 184-86. The ALJ conducted a hearing in August 2021 (Tr. 124-45), and subsequently found Plaintiff not disabled. Tr. 88-100. The Appeals Council denied Plaintiff's request for review making the ALJ's decision is the Commissioner's final decision. Tr. 1-7.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

# DISCUSSION

**B.   Opinion of Kimberly Wheeler, Ph.D.**

In June 2021, Dr. Wheeler examined Plaintiff and rendered an opinion regarding Plaintiff's her mental symptoms and limitations. Tr. 1762-66. Dr. Wheeler noted during previous examinations she believed Plaintiff could work if sober with therapy but during the June 2021 examination Plaintiff's anxiety had escalated, which led her to be fearful in public, and Plaintiff also had side effects from a prior pain medication that made her miss appointments. Tr. 1765. Dr. Wheeler opined Plaintiff was markedly limited in her ability to keep to a schedule and maintain attendance, adapt to changes in a routine work setting, complete a normal workday/workweek, and set realistic goals and plan independently. Tr. 1764.

The ALJ is required to articulate the persuasiveness of each medical opinion, particularly as to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Here, the ALJ discounted Dr. Wheeler's opinion on the grounds it was not supported by her "limited" mental status examination findings, and because it was inconsistent with Plaintiff's activities and improvement with mental health treatment. Tr. 97-98.

Plaintiff contends the ALJ's supportability and consistency findings are legally insufficient. Dkt. 15 at 7-8. Plaintiff acknowledges some of Dr. Wheeler's findings were normal, but argues there were abnormal findings supporting the limitations Dr. Wheeler identified. Dkt. 15 at 7. The Court agrees. Dr. Wheeler's findings about Plaintiff's self-described hallucinations and panic symptoms support the limitations she identified. *See* Tr. 1763-66.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

But the Court disagrees the ALJ erroneously found Dr. Wheeler's opinions are inconsistent with the record.  The ALJ cited substantial evidence to support his finding that Plaintiff's mental symptoms improved with treatment and that her activities (going out in public with her children, riding a motorcycle in a group of thousands, attending AA meetings) undermine her allegation of disabling social limitations.  Tr. 95-96 (citing Tr. 1330, 1333, 1656, 1660, 1662-63, 1680, 1683, 1750, 1753, 1759).  To the extent Plaintiff attempts to argue a September 2021 treatment note undermines the ALJ's interpretation of the record (Dkt. 15 at 8-9), the argument fails. The treatment note does not mention any mental symptoms or limitations or suggest that Plaintiff's mental and physical symptoms were "interlinked." Dkt. 15 at 9.  The treatment note does reference Plaintiff's chronic pain, but does not indicate her pain causes any particular mental limitations.  Tr. 62.  Plaintiff thus fails to show the September 2021 note undermines the ALJ's decision and is a basis for remand. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

Because the ALJ reasonably found Dr. Wheeler's conclusions to be inconsistent with the record, and that finding is not undermined by evidence submitted for the first time to the Appeals Council, the Court affirms the ALJ's assessment of Dr. Wheeler's opinion. *See Woods*, 32 F.4th at 792-93 & n.4 (affirming an ALJ's assessment of an opinion because it was inconsistent with the record, where the ALJ failed to provide any assessment of its supportability).

A.     **Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony finding: (1) Plaintiff's spinal impairment improved with physical therapy and steroid injections and the limitations that persist do not preclude work, (2) Plaintiff's mental impairments responded positively to treatment and the limitations that persist do not preclude work, and (3) Plaintiff engaged in activities inconsistent with her allegations.  Tr. 92-96.  Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues in conclusory fashion the ALJ's findings are legally insufficient but provides no explanation as to why.  Dkt. 15 at 10-11.  Plaintiff also block-quotes from a statement she provided to the Appeals Council in response to the ALJ's decision, but does not in her opening brief explain how this statement establishes error in the ALJ's assessment of her subjective testimony.  *Id*. (quoting Tr. 525).  To the extent Plaintiff fleshes out this line of argument in her reply brief, contending that her statement specifically refutes the ALJ's interpretation of her activities (Dkt. 23 at 4-5), Plaintiff has not shown the ALJ's interpretation of her activities is not supported by substantial evidence or is based on an unreasonable reading of the record.  Plaintiff's Appeals Council statement indeed provides more detail as to the manner in which she participated in certain activities (Tr. 525), but does not address all of the activities mentioned by the ALJ, nor does she refute all of the ALJ's reasons for finding her activities inconsistent with her allegations.

For example, Plaintiff explains in the Appeals Council statement she experienced increased pain for three days after engaging in the motorcycle ride with a thousand other motorcyclists (Tr. 525), but the ALJ acknowledged her testimony to that effect in the decision

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 4

(Tr. 93 (referencing Tr. 144)) and such a statement does not undermine the ALJ's finding that Plaintiff's participation in that event (among other social outings in public) is inconsistent with her alleged social/public limitations. *See* Tr. 95-96. Plaintiff also emphasizes her daughter attended preschool and thus was not at home all day (Tr. 525), yet the ALJ acknowledged this fact when he cited a treatment note where Plaintiff reported "keeping myself busy with my daughter's preschool as much as I can." Tr. 95 (citing Tr. 1660).

Plaintiff provides at most a more detailed description of her activities in her Appeals Council statement, but that statement is insufficient to establish the ALJ's unreasonably found that her activities were inconsistent with her allegations, and accordingly fails to establish harmful legal error in the ALJ's assessment of her activities. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Plaintiff next contends the ALJ's assessment of her testimony is undermined by other evidence submitted for the first time to the Appeals Council, namely a September 2021 treatment note that Plaintiff identifies as containing "the most telling clinical findings" "that gave the foundation of [her] subjective claims[.]" Dkt. 15 at 11 (citing Tr. 62). But the treatment note at issue does not reference Plaintiff's "interlinked" physical and mental limitations because it does not reference Plaintiff's mental conditions or symptoms at all. *See* Tr. 62. During this appointment, Plaintiff's provider documented Plaintiff's report that previous treatments provide "moderate" relief, and he prescribed a new medication to attempt to lessen her pain. *Id*. That Plaintiff required a medication adjustment after the adjudicated period does not undermine the ALJ's decision, which acknowledges that Plaintiff's pain was not entirely resolved by treatment but that the pain that persisted was not disabling during the adjudicated period. *See* Tr. 93-95.

Plaintiff does not explain why this treatment note undermines the ALJ's assessment of her subjective claims during the adjudicated period, and the Court thus finds this portion of Plaintiff's brief to be insufficient to establish harmful legal error in the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 1st day of March, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge